UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carl Gardner &
Taisha R. Williams-Gardner

                    Debtor(s)
_____/

Case No.:  21-47663
Chapter: 13
Judge: Oxholm

## OPINION AND ORDER DENYING REINSTATEMENT OF CHAPTER 13 PROCEEDING AND RESCHEDULING OF CONFIRMATION HEARING

The matter is before the Court on Debtors' Motion for Reinstatement of the Chapter 13 Case and Reconsideration of Order Dismissing Chapter 13 Case and Request for Reinstatement of the Automatic Stay and New Date for the Confirmation Hearing ("Motion") [ECF No. 51].  For the reasons stated below, the Court denies the Motion.

Regarding the history of the case, the Debtors filed the Chapter 13 petition on September 24, 2021, and the Chapter 13 Plan was filed on October 4, 2021 [ECF No. 17].  Among other objections to the Plan, the Chapter 13 Trustee's objection was filed on Nov 24, 2021 [ECF No. 36], in part for failure of Debtor wife to provide a copy of the 2019 and 2020 federal income tax returns. The parties entered into a stipulated Order Adjourning Hearing Other than Section 341 on March 1, 2022, that required Debtors to file and serve an amended plan by March 21, 2022, and to provide the Debtor wife's 2019 and 2020 tax returns by the same date. [ECF No. 43]. In addition, this order permitted the Chapter 13 trustee to file an affidavit of default to dismiss the case if Debtors failed to comply with the order.

On April 12, 2022, the Trustee filed an Affidavit of Default for failure of Debtors to comply with the Order. [ECF No. 44]. The Affidavit provides that to date Debtors only filed the Debtor

wife's 2020 income tax return. The case was dismissed the same day. [ECF No. 45]. While Debtors' counsel contacted the Chapter 13 Trustee's office on March 21, 2022, requesting an additional two days to comply with the order, Debtors failed to comply with the order by March 23, 2022, and further failed to respond to a follow up email dated March 30, 2022 from the Trustee's office.

The Debtors' Motion relies on Federal Rule of Civil Procedure 60(b)(1) and (b)(6), and Local Bankruptcy Rule 9024-1(c), as well as 11 U.S.C. § 105. Debtors state that they substantially complied with the stipulated order by providing the 2019 tax transcript on March 3, 2022. [ECF No. 51 Para. 4] Debtors further assert that they are still attempting to locate the filed copy of the Debtor wife's 2019 tax return. The Motion also states that Debtors have filed their amended plan to request that plan payments be excused as a result of loss of employment due to a high-risk pregnancy that caused a miscarriage in February 2022. [ECF No. 51 Para.6]. Debtors maintain that this amounts to excusable neglect. Further, they state that they can cure the deficiencies that caused the dismissal.

Local Bankruptcy Rule 9024-1(c) provides,

(c) A Motion to Reinstate a Dismissed Case. If a motion is filed to reinstate a dismissed case on the grounds that the default that caused the dismissal has been or can be cured, no response may be filed and no oral argument will be scheduled unless the court so orders. A motion to reopen a closed case to file missing papers is covered by Local Rule 5010-1.

*Id*.

There is nothing in the language of this rule that allows reinstatement where a debtor substantially cured the default that caused the dismissal. Here, Debtors have not cured the default that caused the dismissal. The time to comply with the order to cure the default has passed. Debtors failed to provide the Court with any information regarding the steps taken to locate the missing tax return. Thus, without more, the Court cannot determine that the tax return will be located and filed with the Court. Accordingly, the Court denies Debtors' request to reinstate the case under LBR

9024(1)(c).

Fed. R. Civ. P. 60(b), incorporated by Fed. R. Bankr. P. 9024, provides,

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A final order is one that "disposes of the whole case on its merits; or, put in another way, which determines all points in litigation between the parties." *Grand Trunk Western R. Co. v. McHie,* 100 F.2d 86, 86 (6th Cir. 1938) (internal citation omitted).

Turning to subsection (1), it allows for relief from a judgment or an order because of "a mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b)(1) is 'intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *In re Gundrum*, 509 B.R. 155, 159 (Bankr. S.D. Ohio 2014) (citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000)). Furthermore,

In evaluating whether relief under Rule 60(b)(1) is appropriate courts consider the following factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir.2003); *In re Liberty Fibers Corp.,* 05–53874, 2008 WL 2287466, at *4 (Bankr.E.D.Tenn. Apr. 30, 2008). Only after a movant has shown a lack of culpability because of mistake, inadvertence, surprise, or excusable neglect, will the

court consider whether prejudice to the party opposing relief and whether the movant has a meritorious claim or defense. *Williams,* 346 F.3d at 613; *In re Smith Mining & Material, LLC,* 399 B.R. 199, 201 (Bankr.W.D.Ky.2008).

*Id.* at 159.

The Court concludes that the Debtors failed to establish any excusable neglect. Significantly, the Court notes that the Debtors failed to provide any legal analysis and thus failed to meet their burden under Rule 60(b)(1). As indicated above, the Debtors failed to provide any explanation from which this Court could determine that their failure to comply with the order was excusable. In considering the relevant factors, the Court specifically concludes that the Debtors failed to establish a lack of culpability. While a loss of employment due to health reasons may explain delinquency in plan payments, no explanation was provided as to why the Debtors failed to file the required tax return and the amended Chapter 13 plan. Lastly, the Court concludes that the Debtors failed to establish a meritorious defense. Therefore, Debtors' Motion pursuant to Rule 60(b)(1) is denied.

Turning to subsection (6), Rule 60(b)(6) provides for relief from a final judgment or order for "any other reason that justifies relief." The Sixth Circuit in *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291 (6th Cir. 1989) held that,

> This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. ... The parties may not use a Rule 60(b) motion as a substitute for an appeal, ... or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise. Notwithstanding the extraordinary nature of relief under 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when "something more" than one of the grounds contained in Rule 60(b)'s first five clauses is present. Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is "especially broad" given the underlying equitable principles involved.

*Id.* at 294. (Internal citations omitted). Thus, "courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief.' " *In re Gibson & Epps,*

*L.L.C.*, 468 B.R. 279, 305 (Bankr. E.D. Tenn. 2012) (citing *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments, and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Correctional Inst.,* 738 F.3d 741, 750 (6th Cir. 2013) (quotation marks and citation omitted).

Here, Debtors likewise have not provided any legal analysis demonstrating they are entitled to relief under Rule 60(b)(6). Debtors have not cited to any exceptional or extraordinary circumstances that are not addressed in the first five enumerated clauses of this rule. Accordingly, Debtors' Motion pursuant to Rule 60(b)(6) is denied.

Finally, 11 U.S.C. § 105(a) gives a bankruptcy court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [ ] title 11." *Id.* However, § 105(a) does not give the Court unlimited authority to fashion a remedy any time it is faced with inequitable circumstances. *See In re Miller*, 377 F.3d 616, 621 (6th Cir. 2004). "[I]n exercising [its] statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions." *Law v. Siegel*, 571 U.S. 415, 421 (2014).

Here, Debtors failed to demonstrate that the circumstances in this case warrant the Court exercising its equitable powers under § 105(a), and that the use of such powers does not contravene specific statutory provisions of the Bankruptcy Code.

Accordingly, Debtors' Motion for Reinstatement of the Chapter 13 Case and Reconsideration of Order Dismissing Chapter 13 Case and Request for Reinstatement of the Automatic Stay and New Date for the Confirmation Hearing is Denied.

IT IS SO ORDERED.

**Signed on May 24, 2022**



/s/ **Maria L. Oxholm**

**Maria L. Oxholm**
**United States Bankruptcy Judge**